IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | Criminal No. 24-cr-00187-LKG |
| | * | |
| **FODE SITAFA MARA,** | * | |
| Defendant. | * | |
| | * | |
| | * | |
| | ****** | |

### MOTION *IN LIMINE* TO PRECLUDE ARGUMENT OR EVIDENCE REGARDING THE AGE OF CONSENT IN BURKINA FASO

The United States moves *in limine* for an order precluding the defense from advancing arguments, or introducing evidence – including testimony, whether elicited through direct or cross-examination – that relates to the age of consent in Burkina Faso, the country in which defendant Fode Mara ("Mara") allegedly committed sexual offenses against the minor victims. Because Mara is charged under U.S. law, and the offenses allegedly occurred within the United States's special maritime and territorial jurisdiction, the age of consent in Burkina Faso is irrelevant and would risk confusing the issues at trial and misleading the jury. Argument and evidence related to the age of consent in Burkina Faso should therefore be excluded under Federal Rules of Evidence ("FRE") 401 ("Test for Relevant Evidence") and 402 ("General Admissibility of Relevant Evidence") or alternatively, under FRE 403 ("Excluding Relevant Evidence for Prejudice, Confusion, Waste of Time, or Other Reasons").

### Background

As relevant to this motion, the allegations against Mara are that he committed the following offenses while inside his U.S. Embassy-leased residence in Ouagadougou, Burkina Faso, which

falls within the United States's special maritime and territorial jurisdiction (SMTJ) under 18 U.S.C. § 7(9)(A)-(B):

- Counts 1-2: Mara forcibly sexually abused then-15-year-old Minor Victim 1 in violation of 18 U.S.C. § 2241(c);

- Count 3: Mara attempted to persuade, induce, entice, and coerce then-15-year-old Minor Victim 1 to engage in sexual activity for which Mara could be charged with a criminal offense, in violation of 18 U.S.C. § 2242(b), with the predicate criminal sexual activity being a violation of 18 U.S.C. § 2243(a) ("Sexual Abuse of a Minor" – commonly referred to as statutory rape); and

- Counts 4-6: Mara forcibly sexually abused then-13-to-14-year-old Minor Victim 2 in violation of 18 § U.S.C. 2241(c).

The indictment (ECF 1) alleges that these offenses occurred between November 5, 2022, and November 12, 2023. Mara, born November 24, 1984, was 38-39 years old at the time.[1]

**Argument**

A jurisdiction's "age of consent" is commonly defined as the age at which a person is deemed competent by law to give consent to sexual intercourse. *See Esquivel-Quintana v. Sessions*, 581 U.S. 385, 391-92 (2017) (collecting definitions). Under 18 U.S.C. § 2243(a), the "age of consent in the federal maritime and territorial jurisdiction is 16." *Ashcroft v. Free Speech Coal.*, 535 U.S. 234, 247 (2002). That is the only age of consent relevant to the charges in this case.[2]

Counts 1-2 and 4-6 charge violations of 18 U.S.C. 2241(c), under which a person is guilty if they "knowingly engage[] in a sexual act under the circumstances described in section (a) and

---

[1] Count 7 of the indictment, charging obstruction of justice, is not implicated by this motion.
[2] Although unrelated to these charges, federal law sets the relevant age of consent at 18 for other federal child exploitation offenses, such as commercial sex and child pornography. *See* 18 U.S.C. §§ 1591(a), 2256(1).

2

(b) with another person who has attained the age of 12 years but has not attained the age of 16 years (and is at least 4 years younger than the person so engaging)." The circumstances described in section (a) of § 2241 include "using force against th[e] other person." Mara is accused of forcing sexual acts upon the minor victims, who were 13-15 years old at the time of the assaults. Had the victims been 16 years old, Mara could be charged only with violating 18 U.S.C. § 2241(a). Therefore, the federal SMTJ age of consent of 16 is relevant to the jury's determination of whether Mara violated 18 U.S.C. § 2241(c). *See United States v. Nielsen*, 640 F. App'x 224, 230 (4th Cir. 2016) ("Because § 2241(c) imposes a mandatory minimum penalty for aggravated sexual abuse by force or threat when the victim is a minor, age of the victim is an element of the offense that must be submitted to the jury"). Similarly, to the extent the jury may be instructed on lesser included offenses (s*ee* Federal Rule of Criminal Procedure 31(c)), the jury will need to consider the elements of 18 U.S.C. § 2243(a). *See id.* ("§ 2243(a) offenses are merely lesser included offenses of the greater § 2241(a), (c) offenses"). Section § 2243(a) is violated when one engages in a sexual act with another person who is between 12 and 15 years of age and is at least four years younger than the defendant. To determine whether Mara violated § 2243(a), the jury would similarly need to consider the minors' ages and determine whether, at the time of the offenses, they were below 16 – the federal age of consent.

Additionally, Count 3 charges Mara with sending text messages from his home to Minor Victim 1 (then 15), attempting to entice her to come to his house and engage in sex with him. The jury will therefore need to determine whether the sexual activity Mara was inviting Minor Victim 1 to engage in was criminal in nature. The government will argue that had that sexual activity occurred, it would have violated 18 U.S.C. § 2243(a). Thus, for Count 3 as well, the jury will need to consider Minor Victim 1's age (15) as compared to the federal age of consent – 16.

Any evidence of the age of consent under the laws of Burkina Faso should be excluded from trial as both irrelevant and likely to confuse the issues and mislead the jury.[3] Federal Rule of Evidence 402 provides that "irrelevant evidence" is not admissible, while FRE 401 deems evidence relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence, and (b) that fact is of consequence in determining the action." Here, the age of consent in Burkina Faso would serve only to make it more or less probable that Mara violated Burkinabe law, which is of no consequence here. Federal Rule of Evidence 403 provides that otherwise relevant evidence may be excluded if its "probative value is substantially outweighed by a danger of . . . confusing the issues" or "misleading the jury." Here, even assuming *arguendo* that Burkinabe law is in some way relevant, its relevance is far outweighed by the risk of misleading the jury and confusing the issues before it. The law requires that the jury render its verdict based on whether the evidence proves Mara guilty of the charged *federal* offenses, and the injection of Burkinabe law will greatly confuse that effort.

Federal courts have repeatedly granted government motions *in limine* seeking to preclude argument and evidence about any age of consent that differs from federal law. *See*, *e.g.*, *United States v. Porterfield*, No. 20-cr-42, 2022 WL 17091256, at *5 (W.D.N.Y. Nov. 21, 2022) (precluding "any evidence or argument regarding the age of consent in New York State, because the age of a minor for the federal charge of child pornography production is 18 and any other argument or evidence is excludable under Rules 401 and 403."); *United States v. Elliott*, No. 19-cr-152, 2022 WL 1658803, at *3 (S.D. Ind. May 24, 2022) (where defendant was charged with

---

[3] As best the government can determine, the age of consent in Burkina Faso at the relevant time was 15. *See* U.S. Dep't of State, 2022 County Reports on Human Rights Practices: Burkina Faso, available at https://www.state.gov/reports/2022-country-reports-on-human-rights-practices/burkina-faso/, last visited Sept. 25, 2025 ("The minimum age of consensual sex is 15.").

4

federal sexual exploitation of a minor, granting government motion to preclude "testimony, evidence or argument regarding . . . Indiana law regarding the age of consent"); *United States v. Zube*, No. 20-cr-20491, 2022 WL 625071, at *1 (E.D. Mich. Mar. 3, 2022) (holding that "[a]ge-of-consent laws that are contrary to existing federal law" were "irrelevant" in child pornography prosecution and granting government motion *in limine* to exclude any evidence thereof); *United States v. Carmona*, No. 18-cr-10064, 2019 WL 414970, at *1 (D. Kan. Feb. 1, 2019) (granting government motion *in limine* to preclude "argument or evidence concerning any 'age of consent' contrary to federal law"); *United States v. Jayavarman*, No. 13-CR-97, 2015 WL 1194979, at *2 (D. Alaska Mar. 16, 2015) (granting government's motion "to preclude evidence regarding the age of consent under Cambodian law or elsewhere," which the court found "not relevant" to the federal child exploitation charges). Indeed, the point is so uncontroversial that such government motions *in limine* have been granted without objection from the defense. *See*, *e.g.*, *United States v. Polk*, No. 19-20107, 2019 WL 3943160, at *1-2 (E.D. Mich. Aug. 21, 2019); *United States v. Christy*, No. 10-cr-1534, 2011 WL 5223024, at *6 (D.N.M. Sept. 21, 2011).

     In other contexts, federal courts have similarly found that foreign and state ages of consent are irrelevant to federal child exploitation charges. *See*, *e.g.*, *United States v. Martinez*, 599 F. Supp. 2d 784, 801 (W.D. Tex. 2009) (in prosecution for illicit sexual conduct in a foreign country in violation of 18 U.S.C. § 2423, finding irrelevant the age of consent in Mexico, where the offenses occurred, because "the statute specifically applies federal law to determining the legality of the predicate sexual conduct."); *United States v. Ortiz-Graulau*, 397 F. Supp. 2d 345, 348 (D.P.R. 2005), *aff'd*, 526 F.3d 16 (1st Cir. 2008) ("that under Puerto Rico law [the defendant] could have a relationship with [the minor victim] without incurring in criminal conduct does not preclude his prosecution under federal law.").

And where courts have assumed relevance without deciding it, they have found that such evidence is precluded by Fed. R. Evid. 403. *See*, *e.g.*, *United States v. Lazzaro*, 129 F.4th 514, 529–30 (8th Cir. 2025) (where defendant was accused of sex trafficking under 18 U.S.C. § 1591, for which the relevant age is 18, any reference to whether he complied with Minnesota law "would only confuse the issues," and its probative value, if any, would be "'substantially outweighed' by the risk of confusing the issues or misleading the jury.") (quoting Fed. R. Evid. 403).

## Conclusion

The Court should preclude the defense from making argument, introducing evidence, or eliciting testimony regarding the age of consent in Burkina Faso. The age of consent is irrelevant and inadmissible under FRE 401-402, and alternatively, should be excluded under FRE 403, on the grounds that its probative value, if any, would be substantially outweighed by the risk of confusing the issues or misleading the jury.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

By:    /s/
Adam Braskich
Department of Justice
Trial Attorney

Brooke Oki
Ranganath Manthripragada
Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will provide notice of such filing to all users.

/s/ Adam Braskich
Adam Braskich
Trial Attorney