IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. LKG-24-187 |
| | * | |
| FODE SITAFA MARA, | * | |
| | * | |
| Defendant | * | |
| | * | |
| ******* | | |

## MOTION FOR PRELIMINARY ORDER OF FORFEITURE

The United States of America, by its undersigned attorneys, respectfully moves this Court for the issuance of a Preliminary Order of Forfeiture in the above-captioned case pursuant to 18 U.S.C. §§ 2253 and 2428, 28 U.S.C. § 2461(c), and Rule 32.2(b) of the Federal Rules of Criminal Procedure. A proposed Preliminary Order of Forfeiture is submitted herewith. In support hereof, the United States sets forth the following:

1. On June 6, 2024, a federal grand jury sitting in the District of Maryland returned an Indictment charging Fode Sitafa Mara (the "Defendant") with Aggravated Sexual Abuse of a Minor, in violation of 18 U.S.C. § 2241(c) (Counts One, Two, Four, Five, and Six), Coercion and Enticement of a Minor, in violation of 18 U.S.C. § 2422(b) (Count Three), and Obstruction of Justice, in violation of 18 U.S.C. § 1512(c)(2) (Count Seven). Dkt. No. 1.

2. The Indictment also included a forfeiture allegation which provided notice that the United States intended to seek forfeiture, pursuant to 18 U.S.C. §§ 2253 and 2428, 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), upon conviction of the Defendant of the offenses alleged in Counts One through Six of the Indictment.

3. Following a nine-day jury trial, on November 3, 2025, the Defendant was convicted on Counts One, Two, Three, Four, Six and Seven of the Indictment by a federal jury

sitting in the District of Maryland.  Dkt. No. 144.  Neither party requested that the jury be retained to determine the forfeitability of the specific property following the guilty verdict pursuant to Rule 32.2(b)(5) of the Federal Rules of Criminal Procedure.

      4.      By this Motion, the United States now requests that the Court enter a Preliminary Order of Forfeiture, pursuant to 18 U.S.C. §§ 2253 and 2428, 28 U.S.C. § 2461(c), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, against the following property involved in the Defendant's offenses:

1. Apple iPhone 11, Model: MWKU2LL/A, S/N: C7CCT7L6N72Q, IMEI: 352910115029799 (24-STA-000005); and

2. Apple iPhone 12, Model: MH8E3LL/A, S/N: FFWGX53PN72K, IMEI: 356065549698911 (24-STA-000004)

(collectively, the "Subject Property").

      5.      At trial, the United States admitted evidence establishing the requisite nexus between the Subject Property and the Defendant's offenses as required by Rule 32.2(b)(1)(A) of the Federal Rules of Criminal Procedure. Specifically, the United States admitted evidence at trial demonstrating that the phones were used or intended to be used to commit or to facilitate the commission of the Defendant's offenses.  *See* Dkt. No. 138 (Government Exhibits 87, 89-91, and 101-102, 104-105, and 107).

      6.      Pursuant to 18 U.S.C. §§ 2253 and 2428, 28 U.S.C. § 2461(c), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure the United States is entitled to a Preliminary Order of Forfeiture against the Subject Property.

      7.      Upon the issuance of a Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6)(C) of the Federal Rules of Criminal Procedure, the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture, notice of the United States'

intent to dispose of the Subject Property, and notice that any person, other than the Defendant, having or claiming a legal interest in the Subject Property must file a petition with the Court within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier.

8. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in Subject Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited Subject Property and any additional facts supporting the petitioner's claim and the relief sought.

9. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Subject Property that are the subject of the Preliminary Order of Forfeiture as a substitute for published notice as to those persons so notified.

WHEREFORE, the United States requests that this Court:

(a) enter the Preliminary Order of Forfeiture in the form submitted herewith;

(b) include the forfeiture, as set forth in the Preliminary Order of Forfeiture, in the oral pronouncement of the Defendant's sentence;

(c) retain jurisdiction for the purpose of enforcing the forfeiture; and

(d)   incorporate the Preliminary Order of Forfeiture in the criminal judgment entered against the Defendant, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4).

Respectfully submitted,

Kelly O. Hayes
United States Attorney,

By:   /s/_____
Brook Oki
Ranganath Manthripragada
Assistant United States Attorneys

Adam Braskich
Trial Attorney

4