

**KEOOGO**
01 BP 5213 OUAGADOUGOU 01
BURKINA FASO
TEL: (00-226) 25 38 03 24 /Ex Secteur 15
E-mail: keoogo@yahoo.fr
WEB / www.keoogo.bf

*United States v. Fode Mara.*

### AFFIDAVIT OF ADELAIDE SAWADOGO RE: RESTITUTION

I, the undersigned, Mrs. Adelaide Safiatou Sawadogo, a social worker employed as a specialist educator within the Keoogo Association, hereby declare under penalty of perjury pursuant to the laws of the United States that the following statements are truthful and accurate.

<u>Background</u>

For over 25 years, I have worked in the field of victim support and advocacy for child victims of sex trafficking and other forms of sexual exploitation and abuse. I hold degrees in sociology and social work and certifications in trauma informed interview techniques; mental health crisis intervention; suicide prevention among youth; and the support and rehabilitation of sex trafficking victims. I have received certifications from the most prominent international organizations working to end gender-based violence, including PLAN international, the International Organization for Migration, UNICEF, TDHL, SAVE THE CHILDREN, OIM, UNFPA, AIDOS, and ECPAT INTERNATIONAL. Among my peers in Burkina Faso, I hold the highest qualifications to support children in crisis and provide mental health counseling to victims of sexual trauma. Since 2008, I have worked for the Keoogo Association, the mission of which is to rescue, protect, repatriate and rehabilitate child victims of sex trafficking. In my professional career, I have provided counseling services to thousands of child victims of sexual abuse and exploitation. In 2019, the U.S. State Department recognized my work with child victims of sexual exploitation by awarding me with the prestigious International Trafficking in Persons Report Hero Award, presented to me by the Secretary of State in Washington, D.C.

In April 2024, the United States Department of Justice requested that I meet with two Burkinabé girls who were suspected victims of sexual abuse. The following month, with the assistance of U.S. Embassy personnel in Ouagadougou, Burkina Faso, I met with the girls – Minor Victim 1 (MV1) and Minor Victim 2 (MV2).

After holding several meetings with the girls, they began to disclose to me that the defendant, Fode Mara, had sexually assaulted them. In late May 2024, I accompanied the girls to the U.S. Embassy and assisted as they were interviewed by a federal agent and a prosecutor. With great difficulty, the girls disclosed their abuse to the agent and prosecutor. After Fode Mara was arrested in June 2024, I kept in regular contact with MV1 and MV2 and provided them mental health counseling.

In October 2025, I accompanied MV1 and MV2 to the United States for trial and sat with them during numerous trial preparation sessions with prosecutors, during which the minors recounted their abuse. The Court appointed me to serve as adult attendant to the minors, and I therefore sat beside them in court while they testified before the jury about their sexual abuse. I provided counseling and support to the minors immediately after their testimony, and I have remained in contact with them since they and I returned to Burkina Faso in late October 2025.

Restitution

Having provided mental health counseling to thousands of victims of child sexual abuse in Burkina Faso, and having worked closely with MV1 and MV2, I am well positioned estimate what level of continuing mental health treatment MV1 and MV2 will require to cope with their abuse. I am also familiar with the social work industry in Burkina Faso and can reasonably estimate the cost that the minor victims and their family would incur in arranging the needed mental health counseling.

My estimates are as follows:

MV1 and MV2 continue to experience emotional and psychological fragility and require ongoing support to rebuild their self-esteem, achieve psychological stability, and overcome fear of social judgment. Psychological care is essential, but it must be accompanied by assistance addressing other needs related to their vulnerability, such as food, health care, hygiene, school expenses, and dignity-preserving essentials.

Based on the above:

MV1 (born in 2008) will turn 18 in March 2026. Support should continue until she reaches the age of 26, representing an additional 8 years of assistance (until 2034).

MV2 (born in 2009) will turn 17 on April 12, 2026. Support should continue until she reaches the age of age 26, representing an additional 9 years of assistance (until 2035).

Both victims are likely to require two mental health counseling sessions per month throughout the support period. At a rate of 50,000 FCFA per month (600,000 FCFA per year) for each victim, and with an emergency/contingency fund of 25,000 FCFA per quarter (100,000 FCFA per year) per victim. Thus, the annual cost for therapy only per victim is 600,000 FCFA.

Given the extended support period—8 years for MV1 and 9 years for MV2—the total estimated cost for both victims is as follows:

MV1: 8 years x 600,000 FCFA = 4,800,000 FCFA

MV2: 9 years x 600,000 FCFA = 5,400,000 FCFA

Combined total: 10,200,000 FCFA

At the current exchange rate, this equates to approximately 18,214.28 USD.

_____
Mme SAWADOGO S. Adélaïde

I solemnly affirm, under penalty of perjury pursuant to the laws of the United States, that I have well and truly interpreted the original French version of this affidavit to English.

_____
Daouda Z. Ouedraogo
Foreign Service National Investigator
U.S. Embassy, Ouagadougou, Burkina Faso