IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Case No.  LKG 24-0187 |
| FODE MARA | * | |

*****

## MEMORANDUM IN AID OF SENTENCING

The Defendant, by and through his attorney, Robert C. Bonsib, Esq. and the law office of MarcusBonsib, LLC, hereby submits this Memorandum in Aid of Sentencing and, in support thereof, states as follows:

### I. PROCEDURAL BACKGROUND

On October 31, 2025 the Defendant was convicted by a jury of Counts 1, 2, 4, and 6 in which he was charged with Aggravated Sexual Abuse of a Minor, in violation of 18 U.S.C. 2241(c); Count 3 in which he was charged with Coercion and Enticement of a Minor, in violation of 18 U.S.C. 2422(b); and Count 7, Obstruction of Justice, in violation of 18 U.S.C. 1512(c)(2).   He was acquitted of Count 5.

The Court ordered a Pre-Sentence Report ("PSR").

Sentencing in this matter is presently scheduled for February 26, 2026.

### II. PRE-SENTENCE REPORT

The Pre-Sentence Report ("PSR") has calculated the Defendant's sentencing guidelines of 49 which is treated as a Total Offense Level of 43.

The Defendant's Criminal History Category is I.

The advisory guidelines range in this matter is Life to Life with a recommendation from the United States Probation Office of a sentence of Life for Counts 1, 2, 3, 4 and 7 and a concurrent sentence of 240 months for Count 7 together with a Special Assessment of $600 and Restitution of at least $5,000.

The Defendant would be required to register as a sex offender.

The Defendant is respectfully requesting a variant sentence of 30 years for the reasons more fully set forth herein.

### III.   REASONS FOR VARIANT SENTENCE

As noted in the PSR the Defendant has no prior convictions.

The PSR recommends a sentence of Life which the Defendant respectfully submits is excessive and more than what is reasonably necessary to accomplish the purposes of sentencing.

The federal criminal statutes have provided for significant penalties for the type of conduct for which the Defendant has been convicted. The mandatory minimum sentence required in this case, imposed in the federal criminal system where there is no parole, is a very significant and serious and sentence.  Imposition of a 30 year sentence on a Defendant who is 41 years of age - and which would result in the Defendant being approximately nearly 70 years of age before his release - fully complies with the mandate required by 18 U.S.C. 3553(a) that a sentence  is sufficient but not more than reasonably necessary to advance the requirements of the federal sentencing mandates to impose no more punishment that is necessary.  Such a sentence would both respect the need for punishment, but also would not be more than necessary to achieve the other purposes of sentencing that a sentencing Court is directed by 18 U.S.C. 3553(a) to consider when imposing a sentence.

A 30 year sentence would afford sufficient time for the Defendant to take advantage of the opportunities for rehabilitation and treatment through programs in the Bureau of Prisons and after the completion of such a lengthy sentence and with the benefits of the services of the United States Probation Office while on supervised release, the balance of providing services to the Defendant and protecting the community.

A sentence of 30 years would not be disproportionate to other sentences imposed in similar cases.  As the PSR notes in the "Judiciary Sentencing Information (JSIN) section of the PSR, the average sentence for the 68 defendants sentenced for conviction of similar offenses was 386 months (approximately 32 years).  The requested sentence in this matter is consistent with and proportional to sentences imposed in similar cases.

While the offenses of conviction in this matter are serious. the imposition of a life sentence would be extraordinarily excessive.  This is not a homicide case.  This is not a case where the Defendant has a significant criminal history.   Punishment should be proportional and consider, without minimizing, the offenses of convictions, but also should not simply default to the most extreme of sentencing sanctions.

Considering the verdicts in this case, a sentence of 30 years is the appropriate sentence for the offenses of conviction.

**IV.    LETTERS IN SUPPORT OF FODE MARA**

Attached as Exhibit #1 are letters in support of Fode Mara.

1. Letter from Hillary Fode with supporting documents
2. Letter from Jane Levy
3. Letter from Ted Rotante

V.  **REQUEST FOR SPEAKERS**

The Defendant may wish to have family members and friends address the Court at his sentencing hearing. Any remarks will be focused on their interactions with the Defendant and the personal characteristics of the Defendant that they have observed over the years that they have known the Defendant. Each of their remarks are expected to last less than five minutes.

VI.  **CONCLUSION**

For each and all of the foregoing reasons it is respectfully requested that this Honorable Court impose a variant sentence in this matter of 30 years.

Respectfully submitted,

MARCUSBONSIB, LLC

*/s/ Robert C. Bonsib*

_____
Robert C. Bonsib
6411 Ivy Lane, Suite 116
Greenbelt, Maryland 20770
(301) 441-3000
robertbonsib@marcusbonsib.com
Trial Bar No. 00324

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was served this 12th day of February, 2026 *via* CM/ECF to: Assistant United States Attorneys Megan McCoy and Ranganath Manthripragada, Office of the United States Attorney for the District of Maryland and Department of Justice Attorney Adam W. Braskich.

*/s/ Robert C. Bonsib*

_____
Robert C. Bonsib